UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FAIR HOUSING JUSTICE CENTER, INC.

                Plaintiff,                          Case No. 10-CIV-9337 (KMK) ECF

    -against-

TOWN OF YORKTOWN and COLETTE                   **AMENDED ANSWER**
RODGERS in her official capacity as Director            **TO COMPLAINT**
of the Yorktown Section 8 Program,

                Defendants.
------------------------------------------------------------X

      Defendant Town of Yorktown ("defendant" or "Yorktown"), by its attorneys, Bleakley, Platt & Schmidt, LLP, as and for its Answer to the Complaint of plaintiff Fair Housing Justice Center, Inc., alleges as follows:

## INTRODUCTION

1.   Denies each and every allegation contained in paragraph "1" of the Complaint.

2.   Denies each and every allegation contained in paragraph "2" of the Complaint.

3.   Denies each and every allegation contained in paragraph "3" of the Complaint.

4.   Denies each and every allegation contained in paragraph "4" of the Complaint.

5.   Denies each and every allegation contained in paragraph "5" of the Complaint.

## JURISDICTION AND VENUE

6.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint and respectfully refers all questions of law to the Court for determination.

7.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint and respectfully refers all questions of law to the Court for determination.

## THE PARTIES

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Complaint, except admits that Yorktown is a municipal organization under the laws of the State of New York, having its principal office at 363 Underhill Avenue, Yorktown Heights, New York 10598, with a Town Supervisor as Chief Executive Officer and a Town Board, which is located within Westchester County and within the Southern District of New York.

14. Denies each and every allegation contained in paragraph "14" of the Complaint, except admits that Colette Rodgers is the former Director of Yorktown's Section 8 Program.

## FACTUAL ALLEGATIONS

15. Denies each and every allegation contained in paragraph "15" of the Complaint and respectfully refers all questions of law and interpretations of statutes to the Court for determination.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the Complaint and respectfully refers all questions of law and interpretations of statutes to the Court for determination.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the Complaint, except admits that the United States Department of Housing and Urban Development promulgates rules and regulations for the administration of Section 8 Programs.

19. Denies each and every allegation contained in paragraph "19" of the Complaint and respectfully refers all questions of law to the Court for determination.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint, except admits that Yorktown maintains an Administrative Plan with reference to the Section 8 Program that it administers and respectively refers the Court to the Administrative Plan for a full and complete statement of its contents and further respectfully refers all questions of law to the Court for determination.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the Complaint, except admits that Yorktown administers its Section 8 Program.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint, except admits that Yorktown has administered a Section 8 Program, commencing in 1978.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint and, to the extent the plaintiff is referring to the 2000 U.S. Census, respectfully refers the Court to the 2000 U.S. Census for a full and complete statement of its contents.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the Complaint and, to the extent the plaintiff is referring to the 2000 U.S. Census, respectfully refers the Court to the 2000 U.S. Census for a full and complete statement of its contents.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint and, to the extent the plaintiff is referring to the 2000 U.S. Census, respectfully refers the Court to 2000 Census for a full and complete statement of its contents.

26. Denies each and every allegation contained in paragraph "26" of the Complaint and respectfully refers the Court to Yorktown's News Release for a full and complete statement of its contents.

27. Denies each and every allegation contained in paragraph "27" of the Complaint and respectfully refers the Court to the Minutes of the Regular Meeting of the Yorktown Town Board held on July 1, 1997 as well as Yorktown's Town Code for a full and complete statement of their contents.

28. Denies the allegations contained in paragraph "28" of the Complaint, except admits that Yorktown has an Administrative Plan that contains certain preferences and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

29. Denies the allegations contained in paragraph "29" of the Complaint except admits that Yorktown has an Administrative Plan and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

30. Denies the allegations contained in paragraph "30" of the Complaint, except admits that Yorktown has an Administrative Plan and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the Complaint and respectfully refers the Court to the applicable data and records for the number of voucher holders and individuals on the waiting list.

32. Denies each and every allegation contained in paragraph "32" of the Complaint and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

33. Denies each and every allegation contained in paragraph "33" of the Complaint.

34. Denies each and every allegation contained in paragraph "34" of the Complaint.

35. Denies each and every allegation contained in paragraph "35" of the Complaint.

36. Denies each and every allegation contained in paragraph "36" of the Complaint.

37. Denies each and every allegation contained in paragraph "37" of the Complaint.

38. Denies each and every allegation contained in paragraph "38" of the Complaint.

39. Denies each and every allegation contained in paragraph "39" of the Complaint.

40. Denies each and every allegation contained in paragraph "40" of the Complaint.

41. Denies each and every allegation contained in paragraph "41" of the Complaint and respectfully refers the Court to a Voucher for a full and complete statement of its contents.

42. Denies each and every allegation contained in paragraph "42" of the Complaint and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of the Complaint and respectfully refers the Court to the application form for a full and complete statement of its contents.

44. Denies each and every allegation contained in paragraph "44" of the Complaint.

45. Denies each and every allegation contained in paragraph "45" of the Complaint.

46. Denies each and every allegation contained in paragraph "46" of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint and respectfully refers the Court to the applicable statutes, rules and/or regulations for the requirements contained therein.

48. Denies each and every allegation contained in paragraph "48" of the Complaint and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

49. Denies each and every allegation contained in paragraph "49" of the Complaint and respectfully refers the Court to the Administrative Plan for a full and complete statement of its contents.

50. Denies each and every allegation contained in paragraph "50" of the Complaint.

51. Denies each and every allegation contained in paragraph "51" of the Complaint.

52. Denies each and every allegation contained in paragraph "52" of the Complaint.

53. Denies each and every allegation contained in paragraph "53" of the Complaint.

54. Denies each and every allegation contained in paragraph "54" of the Complaint.

55. Denies each and every allegation contained in paragraph "55" of the Complaint and respectfully refers the Court to the Yorktown Town Code for a full and complete statement of its contents.

56. Denies each and every allegation contained in paragraph "56" of the Complaint and respectfully refers the Court to the Yorktown Town Code for a full and complete statement of its contents.

57. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "57" of the Complaint and respectfully refers the Court to the applicable minutes of the Community Housing Board for the contents thereof and to the Yorktown Town Code for a full and complete statement of its contents.

58. Denies each and every allegation contained in Paragraph "58" of the Complaint and respectfully refers the Court to the applicable minutes of the Community Housing Board for the contents thereof.

59. Denies each and every allegation contained in paragraph "59" of the Complaint and respectfully refers the Court to the March 11, 2010 letter for a full and complete statement of its contents.

60. Denies each and every allegation contained in paragraph "60" of the Complaint.

61. Denies each and every allegation contained in paragraph "61" of the Complaint.

62. Denies each and every allegation contained in paragraph "62" of the Complaint.

63. Denies each and every allegation contained in paragraph "63" of the Complaint.

## FIRST CAUSE OF ACTION

64. In response to paragraph "64", defendant repeats and realleges each of the answers to paragraphs "1" through "63" of the Complaint as if fully set forth herein.

65. Denies each and every allegation contained in paragraph "65" of the Complaint.

66. Denies each and every allegation contained in paragraph "66" of the Complaint.

67. Denies each and every allegation contained in paragraph "67" of the Complaint.

68. Denies each and every allegation contained in paragraph "68" of the Complaint.

## SECOND CAUSE OF ACTION

69. In response to paragraph "69", defendant repeats and realleges each of the answers to paragraphs "1" through "68" of the Complaint as if fully set forth herein.

70. Denies each and every allegation contained in paragraph "70" of the Complaint.

71. Denies each and every allegation contained in paragraph "71" of the Complaint.

72. Denies each and every allegation contained in paragraph "72" of the Complaint.

73. Denies each and every allegation contained in paragraph "73" of the Complaint.

74. All headings contained in the Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

75. Plaintiff lacks standing to pursue the remedies sought in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

76. The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

77. Any decisions of the defendant were all based on legitimate and non-discriminatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

78. Defendant has acted to further a legitimate governmental interest within applicable rules, regulations and statutes.

## FIFTH AFFIRMATIVE DEFENSE

79. Plaintiff has failed to pursue and exhaust available administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

80. The actions of the defendant had no discriminatory affect.

## SEVENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are, in whole or in part, barred by the applicable statute of limitations.

WHEREFORE, the defendant demands judgment dismissing the Complaint, together with the costs and disbursements of this action.

Dated: August 5, 2011
      White Plains, NY

        Yours, etc.

        **BLEAKLEY PLATT & SCHMIDT, LLP**

        By: _____
            JOHN S. DIACONIS (JD4772)

        One North Lexington Avenue, 7th Floor
        White Plains, NY 10601
        Phone: (914) 949-2700
        Fax: (914) 683-6956
        Email: jdiaconis@bpslaw.com
        *Attorneys for Defendant Town of Yorktown*

**TO:**   Diane L. Houk (DH5202)
       Zoe A. Salzman (ZS9816)
       **EMERY CELLI BRINCKERHOFF & ABADY, LLP**
       75 Rockefeller Plaza, 20th Floor
       New York, NY 10019
       *Attorneys for Plaintiff Fair Housing Justice Center, Inc.*